**GROSS v. UTILITIES ENGINEERING INSTITUTE.**

**No. 931.**

Municipal Court of Appeals
District of Columbia.

Argued July 24, 1950.

Decided Aug. 9, 1950.

B. T. Sanders, Washington, D. C., for appellant.

Jack N. Steinberg and C. Robert Cross, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

This was an action by Utilities Engineering Institute on a contract for a training course in automobile body and fender work. The trial court, sitting without a jury, awarded judgment to plaintiff and defendant appeals.

The most important contention advanced by appellant is that the written agreement admittedly signed by him did not constitute a contract, but was merely an "option" giving him the right to elect whether to proceed with the course of instruction or not. He bases that contention on the opening paragraph of the agreement, which was dated July 25, 1946, and reads as follows: "Please accept my application for your complete Auto Body and Fender Training, as outlined below, for which I promise to pay Utilities Engineering Institute or order the sum of One Hundred Ninety-five Dollars ($195.00) in the following manner: $5.00 herewith as my first installment, and $20.00 more by Aug 8th to be sent Home office the balance in monthly installments of $10.00 each, payable on or before the 25th day of each month hereafter, until the total sum of $195.00 is paid."

He says that because he did not send in the $20 payment which was due August 8, 1946, "there was nothing to accept; the offer was incomplete; it was optional with the defendant whether or not he should send in the $20." We cannot adopt that view. The contract was complete on its

face, clearly stated what each of the parties was to do, recited in detail the course of instruction defendant was to receive, and bound him to proceed with the transaction. We see in the contract none of the attributes of an option and nothing which would give the defendant the right to withdraw from the transaction at his will. It created more than a right or privilege on his part of subscribing to the course; it established his duty to proceed with the contract.[1] It is true that the contract contained a clause permitting defendant to cancel the course by giving notice by registered mail and making certain required payments. According to the uncontradicted evidence, a copy of the contract as accepted was mailed to defendant but he never availed himself of the cancellation clause.

Nor was there anything in defendant's own testimony from which the theory of an option could have been fashioned. He said "that he did not know he had to pay anything more if he never sent the $20.00 mentioned on the paper to the Home Office in Chicago." But the express terms of the contract contradict that version. And he did not testify that anything connected with the course had been misrepresented to him or that he had been overreached in any way or induced to sign the contract on any theory that it was a mere option. His only explanation was that he got married after paying the $5 and wrote the company by *ordinary* mail telling them not to send any more lessons.

■ Another contention is that it was improper to permit plaintiff to prove its case by a deposition taken on oral interrogatories in Chicago where the company's home office is located. We note from the record that in giving its notice of taking the deposition, plaintiff followed the procedure outlined in Municipal Court Rule 27(a). We note also that defendant did not offer any objection to the taking of the deposition under Municipal Court Rule 27(b) which was adopted for the protection of parties and deponents and which authorizes the court among other things, upon motion, to require that the deposition be

taken "only on written interrogatories." Nor did he raise any objection under Rule 29(a) which provides: "All errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice."

Nor did defendant avail himself of the right to transmit cross-interrogatories for submission to plaintiff's witness at the oral examination, as he might have done under Rule 27(c). At the trial he made a general objection "that no foundation had been laid for use of the deposition." We think the trial court properly overruled that objection because under Rule 24(d) (3) it is provided that one of the grounds authorizing the use of a deposition is "that the witness is out of the District of Columbia," which was the fact in this case. His contention here is that it was an abuse of discretion to permit the use of the deposition. To this we cannot agree. There is nothing in the record to indicate the slightest prejudice to defendant by the use of the deposition, and at the trial the only objection made by him to any of the interrogatories was sustained.

■ We agree with appellant on another matter which, though small in amount, needs to be corrected. The trial court allowed interest from July 25, 1946, the date of the contract, and this we think was wrong. There was an acceleration clause in the contract, but it could not have become operative until after default in four payments. The record does not show when the final default occurred or when the first demand for payment was made upon defendant, or any other circumstances clearly establishing when the debt actually became due, and consequently we cannot fix the exact date from which interest should run. If necessary, testimony may be taken on that question. But we are clear that interest should not have been allowed from July 25, 1946.

Affirmed as to principal amount of $190 and costs; remanded for further proceedings as to allowance of interest, in accordance with this opinion.

1. Suburban Imp. Co. v. Scott Lumber Co., 4 Cir., 59 F.2d 711, 87 A.L.R. 555.